**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DR. ANDREW HEARY,**<br><br>Plaintiff,<br>v.<br>**JOHN/JANE DOE,** *M.D*, **GWENDOLYN ZANDER, STEPHANIE WATKINS, DO,** *Family Practice*, **and LAURA MARUSA,**<br><br>Defendants. | ) | **Civil No. 26-2145** |

**Memorandum Opinion and Order**

Plaintiff, Dr. Andrew Heary, commenced this pro se action by filing a motion to proceed *in forma pauperis* and attaching a form " Complaint for a Civil Case," with attached Exhibits. ECF Nos. 1-1 & 1-2. Plaintiff sues a JOHN or JANE DOE, M.D. working for Met Healthcare Solutions in Houston, Texas; Gwendolyn Zander, Bureau Director of the Bureau of Managed Care Organizations (BMCO) in Harrisburg, Pennsylvania; Stephanie Watkins, D.O., a Grievance Committee Physician with AmeriHealth Caritas Community Health Choices (CHC) Medicaid program in Newtown Square, Pennsylvania; and Laura Marusa, a Service Coordinator with AmeriHealth Caritas in Newton Square, Pennsylvania. Plaintiff's motion to proceed *in forma pauperis* will be granted and the Clerk will be directed to file the Complaint. Upon review of Plaintiff's Complaint, the Court will, *sua sponte*, dismiss the Complaint in accordance with 28 U.S.C. § 1915(e), with leave to amend.

## I. Motion to Proceed in Forma Pauperis

The Court must determine whether a litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Upon review of Plaintiff's Motions and her affidavits in support, the Court finds the Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed *in forma pauperis*.

## I. Standard of Review

The Rules of Civil Procedure provide that "[p]leadings must be construed so as to do justice." Fed. R. Civ. Proc. 8(e). When reviewing pro se pleadings, the Court is to apply a "pronounced" liberal standard. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id.* Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id.*

A plaintiff's claims "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff's allegations must be accepted as true and construed in the light most favorable to plaintiff when determining if the complaint should be dismissed. *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017), as amended (Aug. 22, 2017). Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997).

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009). A plaintiff's legal conclusions are not entitled to deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, (1986). In addition, when evaluating a complaint, the Court may consider documents that are a matter of public record, documents

that are "integral to" Plaintiff's complaint, and matters of public record whose accuracy cannot reasonably be questioned. *See Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018); *In re Asbestos Prods. Liab.Litig. (No. VI)*, 822 F.3d 125, 133 n. 7 (3d Cir. 2016); *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020), and Fed. R. Evid. 201(b). Here, interspersed within the allegations, Plaintiff includes statements of law, screen captures and/or photos of text messages and other items, apparent medical records, what appears to be re-typed guidance to certain persons in certain areas of healthcare, and additional miscellaneous exhibits. The exhibits submitted by Plaintiff do not meet the criteria to be considered by a Court when reviewing whether a complaint states a claim upon which relief can be granted.

## II. Discussion

Federal courts are required to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss any action that is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### A. Jurisdiction

Plaintiff checked the box on the form Complaint indicating that jurisdiction over this matter is based upon both federal jurisdiction and diversity jurisdiction. However, complete diversity is not present as both Plaintiff and three of the four Defendants reside in Pennsylvania. Therefore, diversity jurisdiction is not present in this case. Accordingly, Plaintiff must assert a viable federal claim for jurisdiction to be proper in this Court. The question of federal jurisdiction depends upon the Court first discerning the causes of action and factual allegations supporting each cause of action.

**B. Allegations**

Plaintiff sues individual persons, but each individual works for an organization. The allegations do not affirmatively state Plaintiff's relationship to each named entity, but the connections seem clear at this stage. Plaintiff has a Medicaid insurance plan through AmeriHealth Caratis – named either AmeriHealth Caratis or AmeriHealth Caratis Community Health Choices Medicaid plan. AmeriHealth Caratis would have issued the initial denials as to Plaintiff's claims. An appeal or review of a claim denial appears to be directed internally with the Grievance Committee of AmeriHealth Caratis. Further review of a denial from the Grievance Committee appears to be directed to the Bureau of Managed Care Organizations in Pennsylvania. Finally, there appears to be an avenue for an outside review, which Plaintiff identifies as Met HealthCare Solutions in Texas.

With that description of Plaintiff's connections to the entities named in the Complaint in mind, a review of Plaintiff's allegations reveals the following factual narrative. Plaintiff is suing four individuals based upon each individual's involvement in denying or delaying several of his claims for Durable Medical Equipment (DME), along with other claims. Plaintiff's requests for DME include requests for installation of three replacement stairlifts; installation of heated rubber mats for ramp; installation of a walk-in Boca Therapy system, and procurement of a Wheelchair Van with a Lift. Complaint, ECF No. 1-1, at 5. The allegations with respect to each individual Defendant are addressed next.

**1. Defendant Jane/John Doe, M.D.**

Plaintiff identifies a John/Jane Doe, M.D. as an external reviewer working for MET Healthcare Solutions in Texas. Plaintiff alleges that, in June and July 2026, the Doe reviewer upheld three AmeriHealth Caratis denials. In upholding the denials, Plaintiff alleges that the Doe

Reviewer acted outside standard professional protection, engaged in gross negligence or reckless disregard, acted with a complete absence of care, ignored clear, life-threatening evidence in the medical file, failed to route an urgent request as required by expedited protocols, and falsified conclusions in favor of the insurance plan or state agency. Plaintiff also alleges that with respect to a request for approval of the installation of stairlifts, non-party AmeriHealth admitted that no medical director was present at the grievance committee meeting, and there was no committee meeting held.

**2. Stephanie Watkins, DO**

From June 2026 to the present, Defendant Stephanie Watkins, D.O., is alleged to have denied a durable medical equipment request of Plaintiff's without reviewing the case file. He also alleges that the request was denied even though it was designated as a medical necessity. Ms. Watkins is alleged to be a Medical Director/Grievance Committee Physician working for AmeriHealth Caraitis's Community Health Choices (CHC) Medicaid program in Pennsylvania.

**3. Gwendolyn Zander**

Defendant Gwendolyn Zander, the Bureau Director of the Bureau of Managed Care Organizations in Harrisburg, Pennsylvania, is alleged to have performed acts from 2025 to the present. However, there are no clear allegations describing what Ms. Zander did and when. Plaintiff refers to three denials of requests for a fair hearing, and he includes what appears to be a partial list of duties and/or descriptions for an unnamed position within the Bureau of Managed Care Organizations, but he does not allege that this Defendant issued the denials or took any other action. He alleges that someone whose position was as an "IRO" (possibly an independent or internal review official), was to assign each case to a specific medical professional for evaluation, but that this was not done. Plaintiff alleges that a review of a denial must be

conducted by a "clinical peer" in the same medical specialty as the treating physician, but that this was done in his cases. He also refers to the "Grievance Committee," which entity he previously connected with Defendant Watkins. Plaintiff does not include allegations connecting that Committee to this Defendant. Finally, Plaintiff alleges that fair hearings are controlled by the Medical Director and the Bureau of Managed Care Organizations, but does not explain this allegation any further, or connect it to a specific Defendant.

**4. Laura Marusa**

Defendant Laura Marusa is an AmeriHealth Caritas "LTSS" Service Coordinator in in Newtown Square, Pennsylvania. Although not explicitly stated, Ms. Marusa appears to have been Plaintiff's Service Coordinator during the time frame from Fall 2025 through May 2026. Plaintiff begins his allegations regarding Ms. Marusa by describing the job requirements for the position of an AmeriHealth Service Coordinator. Generally, an "AmeriHealth Caritas Community Healthchoices (CHC) Service Coordinator manages and coordinated long term services, physical health, behavioral health, and social support for Medicaid participants." Compl. 12. Specifically referring to Ms. Marusa, Plaintiff alleges that she refused to obtain records and case files and insert them into the "HCBS POC Process member's Medical records" as well as into the AmeriHealth Systems.  Compl. 13. Ms. Marusa also allegedly lied about laws and services and ignored communications from the participant (presumably Plaintiff) from Fall 2025 to May 2026. Finally, Plaintiff alleges that Ms. Marusa sabotaged communications between Plaintiff and AmeriHealth.

**C. Causes of Action**

In the Complaint's Federal Jurisdiction Section, Plaintiff sets forth his claims, albeit without indicating which Defendant is being sued under which claim. Each stated claim will be addressed herein. First, Plaintiff asserts a state law claim for bad faith and malpractice under 42 Pa. Cons. Stat. § 8371. However, section 8371 of Title 42 provides for certain damages for bad faith insurance claims "[in an action arising under an insurance policy." 42 Pa. Cons. Stat. § 8371. It appears that Plaintiff's claims are intended to arise under his health insurance policy, but he has not sued any health insurance company, so such remedy is not presently available.

Next, Plaintiff lists his federal claims.: 21st Century Assistive Technology Act (29 U.S.C. §§ 3001 et seq.), the Americans with Disabilities Act, (42 U.S.C. §§ 12101 et seq.); Civil Rights violation and 14th Amendment Due Process violations (42 U.S.C. § 1983), the False Claims Act (31 U.S.C. §§ 3729, et seq.), and several sections of Title 42 of the Code of Federal Regulations

With respect to the 21st Century Assistive Technology Act, that Act's purpose, in part, is to support and provide funding for state efforts to improve the provision of assistive technology to individuals with disabilities. Plaintiff's Complaint does not concern state funding for the provision of assistive technology, and the statute does not contain a private right of action. Therefore, this claim will be dismissed without leave to amend.

Next, there is no basis to conclude that Plaintiff has stated a valid False Claims Act. None of the allegations support that any Defendant submitted false or fraudulent health insurance claims to the United States government for reimbursement. Plaintiff's allegations solely concern the denial of his claims, which could not have been submitted for reimbursement. Moreover, a plaintiff who brings a False Claims Act claim must do so on behalf of the United States, meaning that the United States must be a plaintiff and must be permitted an opportunity to review the

claims before a plaintiff is permitted to proceed on his own. These requirements have not been met here. This claim will be dismissed without leave to amend.

With very few exceptions, the Code of Federal Regulations does not provide for a private right of action, and thus Plaintiff cannot bring a claim based upon the cited regulations. Any implicit or explicit private cause of action that does exist must also be based upon a federal statute. Specifically, Plaintiff cites 42 CFR §§ 438.350 to 438.370. These are administrative rules regarding External Quality Reviews at the State level. Section 438.354, identified by Plaintiff, governs the qualifications of external quality review organizations. Plaintiff also singles out sections 438.406 and 438.408. These regulations concern, respectively, the conditions of eligibility for hospital insurance (438.406) and policies and procedures for determining the amount of monthly supplementary medical insurance premiums and related duties (438.408). Since none of the federal regulations cited by Plaintiff permit a private right of action, said claims will be dismissed without leave to amend.

To sustain a section 1983 claim, or a due process claim, under § 1983, a plaintiff must allege that his constitutional rights were violated, or he was deprived of his constitutional due process rights, by a person acting under color of state law. Here, Plaintiff has not alleged what any Defendant did to violate his constitutional rights. Fatal to these claims, however, it that Plaintiff does not allege that the private individual Defendants were acting under color of state law. Therefore, he has failed to state a claim under 42 U.S.C. § 1983 upon which relief can be granted. Said claims will be dismissed with leave to amend.

Finally, Plaintiff purports to assert an ADA claim. In light of Plaintiff's pro se status, the Court presumes that Plaintiff also is asserting the substantially similar disability claim under section 504 of the Rehabilitation Act (29 U.S. Code § 794). "Except for causation, the

substantive standards for determining liability under Section 504 and Title II are identical, and the same remedies are available under both Acts." *Montanez v. Price*, 154 F.4th 127, 146 (3d Cir. 2025), *cert. denied sub nom. Pennsylvania v. Montanez*, 146 S. Ct. 2731 (2026). "To state a claim for disability-based discrimination, a plaintiff must show that: (1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or other activities for which a public entity is responsible, or was otherwise subjected to discrimination by a public entity; (4) by reason of his disability." *Id.* (citing *Haberle v. Troxell*, 885 F.3d 170, 178 (3d Cir. 2018)). "Section 504, in contrast, reaches only recipients of '[f]ederal financial assistance.'" *Id.* (quoting 29 U.S.C. § 794(a)).

As relevant here, Title II of the ADA prohibits a "public entity" from discriminating against a disabled person, including by denying the disabled person the benefit of services, such as claims submitted to a Medicare or Medicaid insurance program. 42 U.S.C. § 12132. A "public entity" is "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131(1). Plaintiff has sued only individuals, not entities, like an insurance carrier or benefit review entity. None of the individuals Defendants are "public entities" under Title II. The individual Defendants are therefore not subject to suit in their personal capacities. "And because 'the individual defendants do not receive federal aid,' they also cannot be liable under Section 504." *Montanez v. Price*, 154 F.4th at 146. Plaintiff's purported disability claims under the ADA and Rehabilitation Act will be dismissed with leave to amend to assert viable claims against the proper entities.

## III. Conclusion

Following a review of Plaintiff's Complaint and accompanying Exhibits, the Court, sua sponte, in accordance with 28 U.S.C. § 1915(e), finds that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff will be given leave to amend his Complaint to assert viable section 1983, ADA, and/or Rehabilitation Act claims against the proper Defendants.

The following Order is hereby entered.

**ORDER**

And now, this 21st day of October 2026, it is hereby ORDERED as follows:

Plaintiff's Motion to Proceed *in forma pauperis*, ECF No. 1, is GRANTED.

The Clerk is directed to file the Complaint, ECF No. 1-1 and 1-2, as the Complaint of record.

Upon review of Plaintiff's Complaint, the Court, *sua sponte*, in accordance with 28 U.S.C. § 1915(e), finds that Plaintiff has not stated a claim upon which relief can be granted. Plaintiff is permitted leave to amend his Complaint consistent with this Opinion.

Plaintiff is permitted leave to amend his Complaint, as regards section 1983, ADA, and/or Rehabilitation Act claims. Any amended complaint is due by November 20, 2026. If no amended complaint is filed by November 20, 2026, this case will be dismissed.

__*s/Marilyn J. Horan*__________
Marilyn J. Horan
United States District Court Judge

ANDREW HEARY
607 Dove Dr.
Apollo, PA 15613